T.C. Memo. 1996-480


UNITED STATES TAX COURT


PETER PAUL LAGASSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5319-96.                    Filed October 24, 1996.


Peter Paul Lagasse, pro se.

<u>Carmino J. Santaniello</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.
Respondent determined a deficiency in petitioner's 1993 Federal

_____

[1] All section references are to the Internal Revenue Code
in effect for the tax year at issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

income tax in the amount of $7,228 and an addition to tax under section 6651(a)(1) in the amount of $215.

The issues for decision are:  (1) Whether petitioner received taxable wages and unemployment compensation in the amounts determined by respondent and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a return.

The parties were unable to agree on a stipulation of facts in this case.  Our findings of fact are based on the record consisting of testimony of witnesses and documents submitted into evidence.

During the period December 1992 through mid-February 1993, petitioner was unemployed.  During the period January 6 through February 8, 1993, the State of Connecticut issued seven checks in the amount of $198 each, for a total of $1,386, as unemployment compensation to petitioner.  The Connecticut Department of Labor records further reflect that each of the seven payments to petitioner was designated as $288; however, $90 was offset from each payment to pay an outstanding child support order. Accordingly, the total payments for unemployment insurance in 1993 paid on behalf of petitioner were $2,016 (7 X $288) although petitioner was sent checks totaling $1,386 (7 X $198).  A total of $630 was sent to the Connecticut court to be applied against the outstanding court order for child support.  Sometime during the last week of January 1994, petitioner was sent a Form 1099

from the State of Connecticut reflecting unemployment compensation paid in the amount of $2,016.

Petitioner became employed by Mark Industries (Mark) sometime in February 1993. Mark's records reflect that petitioner was paid wages in 1993 in the amount of $40,125.02. Petitioner was issued a Form W-2 by Mark in January 1994 reflecting wages paid in the amount of $40,125.02.

Petitioner did not file a Federal income tax return for 1993. Respondent prepared a substitute return reflecting the unemployment compensation and the wage income. The notice of deficiency determined that petitioner failed to file a 1993 Federal income tax return and determined a deficiency based on the failure to report unemployment compensation and wage income. The notice of deficiency also determined an addition to tax for failure to file a return.

Petitioner argues that he decided not to file a return because of alleged illegal and corrupt activity by State and Federal officials. Petitioner further asserts that employees of Mark were engaged in illegal activities including alteration of records reflecting hours actually worked by petitioner and other employees.

Respondent's determination in the notice of deficiency is presumed correct, and the taxpayer has the burden of proving error therein. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

At trial, respondent presented a representative of the Connecticut Department of Labor as well as an individual who was controller of Mark in 1993.  The witnesses presented records of their respective organizations that supported the amounts determined in the notice of deficiency.  Petitioner did not present any evidence to contradict the testimony and documents submitted by respondent supporting the determination.  Petitioner asserted that there was continuing corruption, and, therefore, he would not comply with the requirements of filing a return and reporting income.  Petitioner has failed to establish that respondent's determination is erroneous.  Since there is no question that the unemployment compensation and the wages constitute taxable income, respondent's determination as to the deficiency is sustained.

Section 6651(a)(1) provides for an addition to tax for failure to timely file a Federal income tax return.  Petitioner was required to file a 1993 Federal income tax return on or before April 15, 1994.  Secs. 6012(a), 6072(a).  Section 6651(a)(1) further provides that a taxpayer may avoid the addition to tax if the failure to file was due to reasonable cause and not willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985).

We conclude that petitioner's failure to file his 1993 return was due to willful neglect and not due to reasonable cause.  Petitioner's unsupported assertions of illegal acts by

his former employer and by State and Federal officials have no foundation, nor do such assertions in any event provide a basis for petitioner's failure to file a Federal income tax return and report income thereon as required by law. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.